## Founds Custody

*I. B. Sinclair,* for petitioner.

*W. Donald Sparks,* for respondent.

SWENEY, P. J., August 28, 1968.—On October 20, 1966, we entered an order awarding custody of twin boys, born in August of 1962, to their mother, Ruth Founds, conditioned upon her satisfying Child Care Service of Delaware County, who had had custody of these children for some time prior to this order, that she would provide adequately for said children.

As of no. 6930 of 1966, in the Common Pleas Court of Delaware County, the putative father of said twins, Francis R. Colucci, filed a petition for writ of habeas corpus, on June 7, 1966. After hearing, the court decided that the putative father had no legal right to custody of these children, since their mother objected. This decision was appealed to the Superior Court of Pennsylvania and this court was affirmed: Commonwealth ex rel. Colucci v. Child Care Service of Delaware County, 210 Pa. Superior Ct. 763.

Since the upper court's order, Child Care has been attempting to work out a solution of the problem of the twins' custody with the mother. To understand this problem, we must understand the background of our Child Care program.

For 15 years, Delaware County has had a Child Care Service, staffed by qualified workers and supported partly by the Commonwealth and principally by the county. The function of this service is to care for neglected and dependent children, to place children in foster homes or institutions as study directs and with a home for temporary detention of such children. It is the responsibility of this service to investigate cases of neglect and dependency and to render such services as may be indicated.

Although the law gives wide latitude to this service, it is the policy in Delaware County that any contest over custody shall be resolved by the Juvenile Court. Of course, a petition for writ of habeas corpus is always open but is more costly to the litigants than the hearing before a Juvenile Court Judge.

After the Superior Court's decision, the Juvenile Court directed that Child Care should work out with the twins' mother, Mary Founds, a sound plan for the care and maintenance of the children. When nothing was accomplished, the case was brought before the Juvenile Court and an informal hearing held. As a result, an order was entered giving custody of the twins to the putative father. A petition for review was filed and testimony was taken stenographically and the matter is now ready for decision.

The matter of primary importance is the welfare of the child. Sometime ago, Mrs. Founds took the twins to Child Care for temporary placement, because she did not have the necessary facilities to care for the children. Child Care placed the twins in a foster home, where they are still held.

From the time of placement to the present, a controversy has been waged between the mother and the putative father. Both desire custody of the children and several court hearings have been held in an attempt to resolve the conflict.

As far as the mother is concerned, she is adamant in her refusal to allow Colucci to have custody of the children. However, she has failed to cooperate with Child Care, has missed several appointments, has employment at such hours as would make it inadvisable for her to have custody. Our dealings with her over the years do not give us the feeling that we can depend upon her to consistently provide and care for these children; we have as a back drop her treatment of children by her marriage.

On the other hand, Colucci has facilities to care for and maintain these children in a fine neighborhood of this county; he has been voluntarily paying Child Care $138 per month in partial support of the twins; he has visited regularly and has shown real love and affection.

Then too, Child Care has the responsibility of placing these children where they will be properly cared for, can grow roots to insure security and to have that care paid for without assistance from the Institution District.

As a consequence of this, we enter the following

ORDER

And now, August 28, 1968, having in mind the best interests of these children, it is ordered and decreed that the custody of Francis Founds and James Founds is awarded to Francis R. Colucci to reside with him at 29 S. Rigby Avenue, Lansdowne, Pa., where they will be cared for and maintained by the said Francis R. Colucci, until further order of this court; the mother, Ruth Founds, shall have the right of visitation on the first and third Saturday and Sunday of each month from 12 noon Saturday until 6 P. M. Sunday; holidays and summer vacations shall be arranged by mutual consent.

An exception is noted for both parties.